SUMMARY ORDER
Appellants Bico Stupakoff and Russell James appeal from a February 26, 2007, 2007 WL 656902, decision of the United States District Court for the Southern District of New York (Buchwald, J.) affirming three decisions of the United States Bankruptcy Court for the Southern District of New York (Lifland, J.). On August 16, 2006, the Bankruptcy Court issued an order denying Appellants’ motion for a continuance of the hearing on a motion filed by Peter Rosenbaum Photography Corporation or, in the alternative, for a declaration of the Court that any ruling on Rosenbaum’s motion would have no application to any motion or pleading that might be filed by Appellants in the future. On November 1, 2006, the Bankruptcy Court denied Appellants’ motion to modify Spiegel’s bankruptcy reorganization plan (“Plan”) to allow them to participate in a class action lawsuit filed by Rosenbaum as untimely under Federal Rule of Civil Procedure 60(b). The Court also dismissed Appellants’ request for a declaratory judgment that they are not bound by the Plan as untimely and, in the alternative, because it failed to state a claim. Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues.
We affirm the Bankruptcy Court’s decision that Appellants’ motion to modify the Plan was untimely under Rule 60(b). “Motions under Rule 60(b) are addressed to the sound discretion of the ... court and are generally granted only upon a showing of exceptional circumstances.” Mendell v. Gollust, 909 F.2d 724, 731 (2d Cir.1990). Review of a denial of a Rule 60(b) motion is subject to an abuse of discretion standard. See Sierra Club v. U.S. Army Corps of Eng’rs, 732 F.2d 253, 257 (2d Cir.1984). Appellants claim that the Release and Injunction in the Plan are not enforceable as to them because proper notice of the disclosure statement and Plan was not provided to them. Their request is likely governed by subsection (3) of the Rule, which allows a court to “relieve a party ... from a final judgment, order, or proceeding” because of the “misconduct by an opposing party” among other reasons. Fed.R.Civ.P. 60(b). A “motion [governed by Rule 60(b) ] must be made within a *58 reasonable time — and for reason[ ] ... (3) no more than a year after the entry of the judgment or order or the date of the proceeding.” Fed.R.Civ.P. 60(c)(1). Because Appellants’ motion was made more than a year after the Bankruptcy Court confirmed the Plan, the Court correctly found that it was untimely under Rule 60(b)(3). Even if the Appellants’ motion is properly governed by 60(b)(5) “and/or” (6) as Appellants allege — which we doubt — and the motion’s timeliness is thus examined under 60(b)’s “reasonable time” provision, the Court’s alternative holding that Appellants’ seven-month delay in filing after becoming aware of the Plan’s existence was unreasonable is still well within its discretion.
We likewise affirm the Bankruptcy Court’s decision that Appellants’ request for a declaratory judgment was untimely. “[Decisions about the propriety of hearing declaratory judgment actions ... should be reviewed for abuse of discretion.” Wilton v. Seven Falls Co., 515 U.S. 277, 289-90, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). Though Appellants claim that the abuse of discretion standard does not apply in this appeal, both of their arguments fail. First, the Court’s dismissal of Appellants’ request as untimely is no different for the purposes of our review than if the Court had explicitly declined to hear Appellants’ request as untimely. See id. (“[Cjourts’ decisions about the propriety of hearing declaratory judgment actions, which are necessarily bound up with their decisions about the propriety of granting declaratory relief, should be reviewed for abuse of discretion.”). Second, the language from Wilton which Appellants interpret as limiting abuse of discretion review to cases in which there is a parallel state proceeding does no such thing, nor do any of this Court’s cases. See id. at 290 (declining “to delineate the outer boundaries of [a court’s] discretion” in cases arising in different procedural context, not questioning whether courts still have discretion in other contexts). The Bankruptcy Court’s decision to dismiss Appellants’ request as untimely because it was “[essentially ... a collateral attack on [the] Plan” and Appellants are “precluded from seeking to modify the Confirmation Order and Plan ... under Rule 60(b) ... [because Appellants] have not brought their request ... in a reasonable time” is well within its discretion, as discussed above.
Moreover, Appellants’ claim that Whelton v. Educational Credit Management Corp., 432 F.3d 150 (2d Cir.2005), “bears striking ... similarities” to this case does nothing to help their cause. That case held that Rule 60(b)’s time-limits applied to a request to “declare one of the provisions of a confirmed plan void.” Id. at 156 n. 2. In addition, Whelton does not hold, as Appellants would have it, that a bankruptcy court must find that filing a Rule 60(b) motion within two years is reasonable. As in Whelton, we are only concerned here with whether the bankruptcy. court acted within its discretion. We find that it did, and nothing in Whelton requires otherwise.
Finally, we affirm the District Court’s ruling that Appellants’ appeal from the Bankruptcy Court’s August 16th order is moot. Appellants themselves concede that if this Court rules against them on their other two grounds for appeal, as we have, their appeal on this point is moot.
Accordingly, for the reasons set forth above, the judgment of the District Court is hereby
AFFIRMED.